The Pine Grove Realty Company, Suing for Itself and for the Benefit of All Others Similarly Situated, Who Desire to Join Themselves as Parties Plaintiff in this Action, Plaintiff, *v.* The Town of Massena, New York, Defendant.

Supreme Court, St. Lawrence County, June, 1923.

Municipal corporations — injunctions — when town bound by action of town meeting — application to rescind proposition duly adopted enjoined.

A proposition once duly adopted at a town meeting binds the town especially where acts by which rights have been acquired have been done under and in reliance upon it and there is no statutory authority for the reconsideration of the proposition so adopted.

At a special town meeting duly held under section 46 of the Town Law, a proposition to borrow upon the bonds or other obligations of the town a certain sum of

money or so much thereof as should be necessary for the purpose of constructing pursuant to the provisions of the Town Law and of the Highway Law a new highway bridge and for the acquisition and improvement of the necessary approaches thereto, was duly adopted by a majority vote of the taxpayers attending. Thereafter plaintiff, in carrying out a proposal made by it prior to the adoption of said proposition, procured deeds to the town, which it still holds, of the lands necessary for the approaches to the contemplated bridge, bought many acres of land, practically completed one hundred houses, laid out streets and built walks and caused water and sewer mains to be laid and wires for light, heat and power to be strung, all at great expense on its part and of others who took part. Certain of the taxpayers having caused to be filed with the town clerk, pursuant to section 48 of the Town Law, an application requiring the submission at the next regular biennial town meeting, of a proposition to rescind and repeal the one for the bridge, *held*, that such contemplated action would be illegal and that plaintiff in an action to enjoin the town from doing or permitting any act or thing to rescind or repeal the proposition theretofore adopted at the special town meeting, will be granted a permanent injunction.

Suit for an injunction.

*Lawrence Russell*, for plaintiff.

*Cobb, Cosgrove & Kimball*, for defendant.

WHITMYER, J. The action has been brought to permanently enjoin defendant, the town of Massena, from doing or permitting any act or thing to rescind or repeal a proposition, heretofore duly adopted, to borrow the sum of $215,000, or so much thereof as shall be necessary, upon its bond or other obligations, for the purpose of constructing a new highway bridge across the DeGrasse river, at a point east of the power house of the St. Lawrence River Power Company, in said town, and for the acquisition and improvement of the necessary approaches thereto, pursuant to the provisions of the Town Law and the Highway Law. The proposition was duly adopted at a special town meeting, held on January 20, 1920. Six hundred and twenty-three taxpayers attended and voted, 456 for and 156 against, and 11 ballots were spoiled. Prior to its submission, plaintiff had proposed, in case of its adoption, to procure the necessary lands for the approaches, to purchase lands, conveniently located, and to erect houses thereon, 100 immediately and 1,000 eventually, for the improvement of housing conditions in the vicinity, to lay out streets and build walks, to cause water and sewer mains to be laid and wires for light, heat and power to be strung, and to do the other things necessary in the premises. After its adoption, it procured deeds to the town, which still holds same, of the lands necessary for the approaches, bought 160 acres of land at the cost of $40,000, practically completed 100 houses, laid out streets and built walks, and caused water and sewer mains to be laid and wires

for light, heat and power to be strung, all at the cost, on its part and on the part of others, who took part, of the sum of $500,938.85, or thereabouts. Finding that the cost of labor and materials was such that it would be impossible, at that time, to build the bridge within the amount fixed, defendant postponed the sale of bonds and the commencement of work, and plaintiff suspended its work, after doing what is stated above. In this situation, and on October 17, 1921, fifty-four taxpayers of the town caused an application to be filed with the town clerk, pursuant to section 48 of the Town Law, requiring the submission, at the next regular biennial town meeting, of a proposition to rescind and repeal the one for the bridge, whereupon plaintiff commenced this action and, with its commencement, procured an injunction *pendente lite*. It is clear that plaintiff is entitled to judgment. A proposition, once duly adopted by the town meeting of a town, is final and binds the town, especially where acts, by which rights have been acquired, have been done under it and in reliance upon it. *Denton* v. *Jackson*, 2 Johns. Ch. 320, 329. A proposition, so adopted, has the force of a contract and requires the proper officials to take the necessary steps to make it effective. *Illinois Trust & Savings Bank* v. *City of Arkansas City*, 76 Fed. Rep. 271. And there is no legislative authority for its reconsideration. The one here was submitted as a question at a special town meeting, duly held under section 46 of the Town Law, and the question was affirmatively answered by a majority vote and it is now proposed to submit it for reconsideration, at a biennial town meeting, to be held under section 43 of the Town Law, under the claim that the last paragraph of that section furnishes the authority. The powers of a town meeting are set forth in the section, in thirteen subdivisions, and the last paragraph provides that " every order or direction and all rules and regulations, made by any town meeting, shall remain in force until the same shall be altered or repealed at some subsequent town meeting," but it is clear that the paragraph refers to the orders, directions, rules and regulations, specified in the subdivisions, which precede, and does not contemplate a question, proposition or resolution of the kind referred to in section 46 and like the one here. Findings and judgment accordingly.

**Judgment accordingly.**